# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STICKLER,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SHAWN PROAK,<br><br>　　　　　　　　　　Defendant. | CASE NO. 12cv0866-CAB (BLM)<br><br>Order:<br>1) Granting Motion to Proceed *In Forma Pauperis* [Doc. No. 2];<br>2) Denying Motion for Appointment of Counsel [Doc. No. 3]; and,<br>3) Dismissing Case |

　　　　Plaintiff Pamela Stickler has filed this action[1] alleging in a single paragraph, "I believe Shawn Proak may be part of threatening me to call police, when at the Chabad, he had said I have someone here and I just want to arrest it. Requesting 1998 Toyota Tacoma back if not repossessed." [Doc. No. 1, at 2.] Plaintiff moves the Court for leave to proceed *in forma pauperis* ("IFP"), and for appointment of counsel under 42 U.S.C. § 2000e5(f)(1). The Court **GRANTS** Plaintiff's motion to proceed IFP, **DENIES** her motion for appointment of counsel, and **DISMISSES** this case without prejudice.

///

---

[1] The Court notes this is one of several actions Plaintiff has filed since February 1, 2012. *See inter alia*, Case No. 12cv0256-DMS (RBB), *Stickler v. Bush*; Case No. 12cv0346-LAB (BLM), *Stickler v. Clinton*; 12cv0382-CAB (JMA), *Stickler v. La Mesa Police Dept*; Case No. 12cv0383-BTM (NLS), *Stickler v. San Diego State Police Dept*; Case No. 12cv0385-JLS (JMA), *Stickler v. El Cajon Police Dept*; Case No. 12cv0386-AJB (RBB), *Stickler v. Federal Transit*; Case No. 12cv0387-BTM (WMc), *Stickler v. San Diego Police Dept*.

### *Motion to Proceed In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of any action without prepayment of fees upon a showing "that the person is unable to pay such fees or give security therefor." Here, Plaintiff's application demonstrates she is unable to pay the filing fees to initiate this action. Therefore, her motion to proceed IFP is **GRANTED**.

### *Appointment of Counsel*

Plaintiff moves for appointment of counsel under 42 U.S.C. § 2000e5(f)(1). Appointment of counsel under that section is appropriate only in cases alleging employment discrimination. *Johnson v. U.S. Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). There is nothing in Plaintiff's complaint to suggest she brings a claim related to her employment.

In the alternative, a plaintiff may be entitled to appointment of voluntary counsel under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1). An appointment under that section, however, is only appropriate in "exceptional circumstances" considering "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate [her] claims *pro se* in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff's one-paragraph complaint fails to state any claim for relief. Therefore, the Court **DENIES** her request for appointment of counsel.

### *Initial Screening*

After granting IFP status, the Court must dismiss the case if the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1222, 1226-29 (9th Cir. 2006) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). In order to properly state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Here, Plaintiff names Shawn Proak as a defendant but sets forth no facts which could give rise to any liability. Therefore, the Court **DISMISSES** the complaint. However, because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment," the Court dismisses the case without prejudice. *Silva v.*

1 *DiVittorio*, 658 F.3d 1090, 1005 (9th Cir. 2011) (citing *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)) (in light of liberal amendment policy of Fed. R. Civ. P. 15(a), district court should freely give leave to amend when dismissing pro se complaint).

### *Conclusion*

The Court hereby **GRANTS** Plaintiff's motion to proceed *in forma pauperis,* **DENIES** her motion for appointment of counsel, and **DISMISSES** this case without prejudice to the filing of an amended complaint within 30 days of the filing of this order.

**IT IS SO ORDERED**.

DATED: April 10, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge